Andrew D. Wright, #8857
STRONG & HANNI, P.C.
9350 South 150 East, Suite 500
Sandy, UT 84070
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
awright@strongandhanni.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Policy No. SUAWS20374-2506, AND MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED<br><br>Plaintiffs<br><br>v.<br><br>ENIUM CAPITAL GROUP LLC, a Utah limited liability company; GARY SCHMEICHEL, an individual; JACK ELDRIDGE, an individual; GARY AQUILLA, an individual; MATT LYONS, an individual; and CAMI CASTELLANOS, an individual,<br><br>Defendants. | Case No.    2:26-cv-446 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Those Certain Underwriters at Lloyd's, London subscribing to Policy No. SUAWS20374-2506 ("Underwriters") and Markel International Insurance Company Limited ("Markel") (collectively, "Plaintiffs") allege the following for their Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiffs, Those Certain Underwriters at Lloyd's, London which subscribe to Policy Number SUAWS20374-2506, consist of sole member Syndicate CSL 1084[1] whose sole corporate member is a foreign company with its principal place of business in London, England and is organized under the laws of the United Kingdom.

2.      Plaintiff, Markel International Insurance Company Limited, which also subscribes to Policy Number SUAWS20374-2506, is a foreign company whose sole corporate member is a foreign company with its principal place of business in London, England and is organized under the laws of the United Kingdom.[2]

3.      At all relevant times, Defendant Enium Capital Group LLC ("Enium") was a Utah limited liability company with its principal place of business in Provo, Utah.

4.      The sole member of Enium is Enium Corporation, a Nevada Corporation whose principal place of business was, on information and belief, in Provo, Utah.

5.      Defendant Gary Schmeichel ("Schmeichel") is an individual who is domiciled in Florida.

6.      Defendant Jack Eldridge ("Eldridge") is an individual who is domiciled in Utah.

7.      Defendant Gary Aquilla ("Aquilla") is an individual who is domiciled in Utah.

8.      Defendant Matt Lyons ("Lyons") is an individual who is domiciled in California.

9.      Defendant Cami Castellanos ("Castellanos") is an individual who is domiciled in Utah.

---

[1]  Syndicate CSL 1084 is otherwise referred to as Chaucer Corporate Capital (No.3) Limited and has 82.5% of the security for Policy No. SUA WS20374-2506.
[2] Markel International Insurance Company Limited has 17.5% of the security for Policy No. SUAWS20374-2506.

2

10. Defendants Schmeichel, Eldridge, Aquilla, Lyons, and Castellanos are included as parties to this action solely because they are potentially interested parties. No wrongdoing is being alleged against these individual defendants.

11. This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. § 1332(a)(2) and 28 U.S.C. § 2201 because this is a declaratory judgment action wherein there is complete diversity of citizenship between the domestic and foreign parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. By this action, Underwriters seek to rescind a policy of insurance issued by the Plaintiffs to Defendant Enium Capital Group LLC ("Enium"), with an aggregate limit of $2,000,000.

12. Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

13. On February 19, 2025, the Plaintiffs issued a professional services liability policy of insurance to Enium, for the Policy Period February 11, 2025 to February 11, 2026, Policy No. SUAWS20374-2506 (the "Policy").

14. In issuing the Policy, the Underwriters relied on the particulars and statements contained in the application for the Policy dated January 13, 2025 and all other materials submitted therewith.

15. Following the issuance of the Policy, a dispute arose between Underwriters and Enium regarding whether the information contained in the Policy application was true and correct.

16. Specifically, Question 77 of the Policy application asked, "*Does the applicant, or any predecessor in business or any of the past or present partners, Officers, Directors, or employees have any reasonable basis to believe that the applicant or any predecessor in business*

3

*or any of the past or present partners, Officers, Directors or employees are aware of any circumstances, incidents, or situations during the past five years which have resulted or which may result in claims being made against the applicant, any of the past or present partners, Officers, Directors or employees or former employees of the applicant? If "Yes", please explain.*"

17.     Enium answered "no" to Question 77 of the Policy application.

18.     Thereafter, following the Policy issuance, Enium tendered two separate matters that Plaintiffs believe should have been disclosed in response to Question 77 of the Policy application.

19.     Plaintiffs have notified Enium of the Plaintiffs' position that the Policy is subject to rescission because of the materially incorrect answer to Question 77 of the Policy application.

20.     Enium disputes that the Policy is subject to rescission.

## COUNT I: DECLARATORY JUDGMENT AGAINST DEFENDANTS (RESCISSION)

21.     Plaintiffs incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

22.     Enium's answer to Question No. 77 of the Policy application was materially false.

23.     At the time Enium executed the application for the Policy, Enium knew and/or was aware that its answer to Question No. 77 of the Policy application was false because it was aware of two separate claims that should have been disclosed in response to that question.

24.     Underwriters relied on Enium's answer to Question No. 77 of the Policy application in issuing the Policy.

25.     Had Underwriters known the true answer to Question No. 77 of the Policy application, Underwriters would have issued the Policy on materially different terms.

26.     Accordingly, Underwriters are entitled to rescission of the Policy and a declaration that the Policy is void *ab initio*.

27.     For the foregoing reasons, an actual controversy exists between Plaintiffs and

Defendants, which vests in the Court the power to declare the rights and liabilities of the parties.

**WHEREFORE**, Plaintiffs Those Certain Underwriters at Lloyd's, London subscribing to Policy No. SUAWS20374-2506 and Markel International Insurance Company Limited respectfully pray for the following relief:

a.  An order declaring that the Policy is void *ab initio* and granting Plaintiffs the right to rescind the Policy; and

b.  Such other and further relief as the Court finds just, proper, and equitable.

Dated this 15th day of May, 2026.

STRONG & HANNI

/s/ Andrew D. Wright
Andrew D. Wright
*Attorneys for Plaintiffs*